**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-21080-CIV-ALTONAGA/Simonton

WILSON JOSEPH a/k/a JOSEPH WILSON
on his own behalf and others similarly situated,

    Plaintiff,

v.

J & J INVESTMENTS, LLC,
d/b/a BAGEL EMPORIUM & GRILLE and
DAVID STRAWDERMAN, an Individual,

    Defendants.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, **J & J INVESTMENTS, LLC d/b/a BAGEL EMPORIUM & GRILLE ('J&J")** and **DAVID STRAWDERMAN** (collectively, "**Defendants**"), submit their Answer and Affirmative Defenses to the Complaint (the "**Complaint**") filed by Plaintiff **WILSON JOSEPH** ("**Plaintiff**"), and state as follows:

1. Defendants admit the allegation contained in Paragraph 1 of the Complaint that Plaintiff brings this action for alleged unpaid overtime wages under the Fair Labor Standards Act ("**FLSA**").  Defendants deny that Plaintiff is entitled to any recovery, attorney's fees, and costs under the FLSA.  Defendants deny that Plaintiff has standing to bring this action on behalf of any other employees.

2. Defendants admit the allegation contained in Paragraph 2 of the Complaint that this Court has jurisdiction to consider an FLSA claim.

3. Defendants admit the allegation contained in Paragraph 3 of the Complaint that venue is proper with this Court.

-2-

## PARTIES

4. Defendants admit the allegation contained in Paragraph 4 of the Complaint that Plaintiff was employed by J&J, but deny that he was employed until August 2012. Defendants have no knowledge or information as to the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, deny same.

5. Defendants have no knowledge or information as to the allegations contained in Paragraph 5 of the Complaint and, therefore, deny same.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegation contained in Paragraph 7 of the Complaint that J&J does business within the Southern District of Florida. The remaining allegations contained in Paragraph 7 are conclusions of law which cannot be admitted or denied as statements of fact.

8. The allegations contained in Paragraph 8 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint that J&J had gross revenues in excess of $500,000 during the past three years. The remaining allegations contained in Paragraph 9 are conclusions of law which cannot be admitted or denied as statements of fact.

10. Defendants admit the allegation contained in Paragraph 10 of the Complaint that Mr. Strawderman operates J&J.

11. The allegations contained in Paragraph 11 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## GENERAL ALLEGATIONS

13. Defendants admit the allegation contained in Paragraph 13 of the Complaint that Plaintiff was employed by J&J from 2008 until February 2014. Defendants have no knowledge or information as to the remaining allegations contained in Paragraph 13 and, therefore, deny same.

14. Defendants admit the allegation contained in Paragraph 14 of the Complaint that Plaintiff was a dishwasher.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## COUNT I: VIOLATION OF FLSA BY DEFENDANTS AGAINST JOSEPH

17. Defendants reassert their responses to Paragraphs 1 through 16 as if fully set forth herein.

18. The allegations contained in Paragraph 18 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint, and deny the "WHEREFORE" Paragraph immediately following Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff is entitled to a jury trial to the extent permitted by the FLSA.

25. Defendants deny any and all of the allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the FLSA statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff shows that violations of the FLSA occurred, such violations were not willful and, therefore, Plaintiff's remedies, if any, are limited to the two-year period immediately preceding the filing of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

All wage and compensation-related decisions made with respect to Plaintiff were made in good faith and in conformity with, and in reliance of, all regulations, statutes, and administrative rulings.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to raise the claims he seeks to advance in this action on behalf of other employees.

## DEMAND

**WHEREFORE**, Defendants request that the Court dismiss the Complaint in its entirety, and award Defendants their costs and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    SHUTTS & BOWEN LLP
    Attorneys for Defendants
    1500 Miami Center
    201 S. Biscayne Boulevard
    Miami, Florida  33131
    (305) 347-7337
    (305) 347-7837 (facsimile)
    rgl@shutts.com

    By: *s/. Rene Gonzalez-LLorens*
        Rene Gonzalez-LLorens
        Florida Bar No. 53790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which sent notice to:

Alan D. Danz, Esq.
Danz & Kronengold, P.L.
10620 Griffin Road
Suite 201
Cooper City, Florida 33328
Telephone:   (954) 530-9245
Facsimile:    (954) 616-5738
Counsel for Plaintiff

    *s/. Rene Gonzalez-LLorens*
    OF COUNSEL

MIADOCS 9094609 1